108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ahmed Sone MOHAMED, aka Ahmed Sone, Defendant-Appellant.
 No. 96-1513.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 FOR APPELLEE: KRISTIN M. CAPPEL, Assistant United States Attorney, Brooklyn, N.Y. (Zachary W. Carter, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, of counsel).
 FOR APPELLANT: PHILIP KATOWITZ, New York, NY.
 Present JACOBS, LEVAL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Defendant Ahmed Sone Mohamed appeals from a July 1, 1996 judgment of the United States District Court for the Eastern District of New York (Raggi, J.). Mohamed was convicted, following his plea of guilty, of possession of stolen mail in violation of 18 U.S.C. § 1708, and was sentenced to an 18 month prison term to be followed by three years of supervised release. He was also ordered to make restitution in the amount of $10,000 and to pay the mandatory $50 special assessment. Mohamed contends on appeal that the district court erroneously enhanced his sentence on the basis of more than minimal planning under U.S.S.G. § 2B1.1(b)(4)(A). For the reasons set forth below, we find this claim to be without merit.
 
 
 4
 Mohamed's guilty plea and subsequent conviction were the result of his admitted purchases from a stolen check operation that was run primarily out of a market in Brooklyn. The owner of the market, Ibrahim Lulu, and his uncle, Wajih Lulu, obtained the stolen checks from a postal carrier for the United States Postal Service, and sold them to various individuals.
 
 
 5
 After a six week FBI investigation, Mohamed was arrested on July 16, 1995. Upon his arrest, Mohamed agreed to cooperate and admitted receiving stolen checks from the Lulus and depositing them into phoney accounts at three different banks. Mohamed also confessed that he and others had written several checks drawn on at least two of the accounts.
 
 
 6
 Prior to sentencing, Mohamed filed numerous objections to the Probation Department's presentence report, and made a motion for a downward departure. At Mohamed's request, the district court held a Fatico hearing at which five government witnesses testified. Mohamed called no witnesses. The testimony at the hearing indicated that over the course of the previous year, Mohamed frequently came to the market seeking to buy stolen checks (sometimes even twice a day), and that on numerous occasions Mohamed and his associates purchased such checks having an aggregate face amount of tens of thousands of dollars.
 
 
 7
 After considering the evidence presented at the hearing and argument by both parties, the district court determined that Mohamed's offense involved more than minimal planning, and therefore supported a two level enhancement under U.S.S.G. § 2B1.1(b)(4)(A). The court reasoned that "this was a criminal scheme that required certain persons to acquire these checks, others to then set up accounts, still others to cash the checks and then a distribution among various and sundry people."
 
 
 8
 Section 2B1.1(b)(4)(A) of the Sentencing Guidelines empowers a court to increase a defendant's offense level by two levels "[i]f the offense involved more than minimal planning." Under the Guidelines,
 
 
 9
 "More than minimal planning" means more planning than is typical for commission of the offense in a simple form.... "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune.
 
 
 10
 U.S.S.G. § 1B1.1 comment (f).
 
 
 11
 This enhancement is "usually applied to sophisticated crimes or offenses requiring repeated acts over a period of time." United States v. Cropper, 42 F.3d 755, 758 (2d Cir.1994) (citing cases).
 
 
 12
 According Judge Raggi's application of the Guidelines due deference, it is clear from the record that application of the more than minimal planning enhancement was appropriate. The district court found that the criminal scheme involved multiple participants, several false bank accounts, a number of businesses, and repeated illegal check transactions. Specifically, Mohamed and his associates: (1) acquired numerous stolen checks over an extended period of time, (2) opened at least three fraudulent bank accounts at three different banks, and (3) falsely endorsed and deposited numerous stolen checks into those accounts from which they later withdrew thousands of dollars by various means. It is easy to conclude that this scheme involved more planning than is typical for commission of this offense (possession of stolen mail) in simple form.
 
 
 13
 Mohamed's argument proceeds by emphasizing his own individual conduct, as opposed to the conduct involved in the overall stolen check scheme. However, "more than minimal planning ... is an offense characteristic, not a characteristic of the individual defendant." United States v. Rosa, 17 F.3d 1531, 1552 (2d Cir.), cert. denied, 115 S.Ct. 211 (1994). Accordingly, this enhancement "does not require the defendant's personal involvement in the planning." Lewis, 93 F.3d at 1084 (citing Rosa, 17 F.3d at 1552). The overall scheme quite evidently involved more than minimal planning and Mohamed appears to concede as much. Moreover, even were we to isolate Mohamed's individual role without regard to the overall scheme, his conduct could still support a sentencing enhancement for more than minimal planning.
 
 
 14
 We have considered all of Mohamed's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.